UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

LEOTIS B. BRANIGH III,

                Petitioner,

vs.

TIM RICHARDSON,

                Respondent.

Case No. 1:24-cv-00247-BLW

**INITIAL REVIEW ORDER**

Petitioner Leotis B. Branigh III (Petitioner) has filed a Petition for Writ of Habeas Corpus challenging his state court conviction. (Dkt. 3.) Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

The Court is required to review each newly-filed habeas corpus petition to determine whether it should be served upon the respondent, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition will be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases.

Having reviewed the Petition, the Court concludes that Petitioner may proceed.

**INITIAL REVIEW ORDER - 1**

## REVIEW OF PETITION

**1.  Background**

Petitioner was convicted of First Degree murder and use of a deadly weapon (firearm) in a criminal case in the Second Judicial District Court in Nez Perce County, Idaho. On April 10, 2009, he was sentenced to consecutive terms of imprisonment of determinate life and 15 years fixed. He pursued a direct appeal and two post-conviction action in state court, one of which was remanded for additional adjudication, but ultimately received no relief in state court. *See* Dkt 3, with appendix.

**2.  Discussion**

In this action, Petitioner brings ten claims: two ineffective assistance of counsel claims under the Sixth Amendment; a withholding of exculpatory evidence claim on due process and equal protection grounds under the Fifth and Fourteenth Amendments; denial of a new trial on due process and equal protection grounds under the Fifth and Fourteenth Amendments; two prosecutorial misconduct claims on due process and equal protection grounds under the Fifth and Fourteenth Amendments; improper admission of evidence on due process and equal protection grounds under the Fifth and Fourteenth Amendments; two unreasonable search and seizure of cellular telephone records on due process and equal protection grounds under the Fourth, Fifth, and Fourteenth Amendments; and a cumulative error claim on due process grounds under the Fourteenth Amendment.

INITIAL REVIEW ORDER - 2

If Petitioner did not properly exhaust each federal basis of each claim in the Idaho Supreme Court before filing his federal Petition, he may face procedural challenges from Respondent, including potential defenses of failure to exhaust state court remedies. In addition, his Fourth Amendment claims may be non-cognizable, depending upon whether he was given a full and fair opportunity to litigate these claims in state court.[1]

Petitioner has provided portions of the state court record, but the Court does not have the full state court record before it to make a determination on these threshold issues. The Court will order the Clerk of Court to serve the Petition upon Respondent, who will be permitted to file an answer or a pre-answer motion for summary dismissal and will be ordered to provide a copy of relevant portions of the state court record to this Court.

---

[1] Fourth Amendment claims are treated in a unique manner in habeas corpus actions. When a State has provided a defendant with an opportunity for full and fair litigation of a Fourth Amendment claim, it may not be relitigated by a federal district court in a habeas corpus action, "regardless of its view of the correctness of the state decision." *Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977) (relying on *Stone v. Powell*, 428 U.S. 465, 481–82 (1976) (Fourth Amendment issues are not cognizable on federal habeas review); *Caldwell v. Cupp*, 781 F.2d 714, 715 (9th Cir. 1986). Thus, the threshold issue for a Fourth Amendment claim is whether petitioner had an initial opportunity for a fair hearing in state court. *See Caldwell*, 781 F.2d at 715. The narrow question is "whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996); *see also Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990). The petitioner bears the burden of establishing that the state courts did not consider the Fourth Amendment claim fully and fairly. *Mack*, 564 F.2d at 901.

**INITIAL REVIEW ORDER - 3**

# ORDER

**IT IS ORDERED:**

1. The Clerk of Court shall serve (via ECF) a copy of the Petition (Dkt. 3), together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

2. Petitioner's request for appointment of counsel, contained in the Petition, is DENIED without prejudice. Should an evidentiary hearing be required, or other extraordinary circumstances exist to require appointment of counsel, the Court will reconsider its ruling.

3. Petitioner's Motion to Proceed in Forma Pauperis (Dkt. 1) is GRANTED.

4. Within **120 days** after entry of this Order, Respondent shall have the option of filing either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). If Respondent files an answer and brief, the Court first will determine the claims that were adjudicated on the merits by the Idaho Supreme Court; for any claims that appear to warrant relief or for any claims not disposed of on the merits that appear subject to procedural

defenses, the Court next will determine whether those claims are barred by any procedural defenses and will call for additional briefing, evidence, or a hearing, if necessary.

5.  Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations shall be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

6.  If the response to the habeas petition is an answer, Petitioner shall prepare a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

7.  If the response to the habeas petition is a motion, Petitioner's response to the motion shall be filed and served **within 30 days** after service of the motion, and Respondent's reply, if any, shall be filed and served **within 14 days** thereafter.

8.  No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

**INITIAL REVIEW ORDER - 5**

9. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

10. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

11. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an

appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

13. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

14. If Petitioner's custodian changes at any point during this litigation, counsel for Respondent shall file a Notice of Substitution of Respondent within 30 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

DATED: August 5, 2024

B. Lynn Winmill
U.S. District Court Judge

**INITIAL REVIEW ORDER** - 7